IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| TWO MEN AND A TRUCK/ INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> US PRO MEDIA, LLC d/b/a MEN AND TRUCK MOVERS, BIG MINDZ LLC d/b/a MEN AND TRUCK MOVERS, RANDALL BOX, individually and d/b/a MEN AND TRUCK MOVERS, and JOHN DOES 1 through 10, individually and d/b/a MEN AND TRUCK MOVERS, <br><br> Defendants. | Civil Action No.: 1:12-cv-00112-SWW <br><br> Hon. Susan Webber Wright <br> United States District Judge |
| US PRO MEDIA, LLC, BIG MINDZ LLC, and RANDALL BOX, <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> TWO MEN AND A TRUCK/ INTERNATIONAL, INC., <br><br> Counterclaim-Defendant. | |

## CONSENT ORDER AND JUDGMENT

It appearing to the Court, as evidenced by the signatures below, that the parties have agreed to the entry of this Order respecting the Plaintiff's Motion to Hold Defendants US Pro Media, LLC, Big Mindz, LLC, and Randall Box in Contempt, to Enforce Settlement Agreement and for Sanctions (the "Motion"), the Court hereby finds as follows:

1

1. Attached hereto as Exhibit A and incorporated in this Order by reference is the Settlement Agreement dated July 30, 2013, by and between (a) Two Men And A Truck/International, Inc. ("Two Men" or "Plaintiff"); and (b) US Pro Media, LLC, Big Mindz LLC, and Randall Box, individually and d/b/a Men And Truck Movers (collectively "Defendants"). By its incorporation herein, this Settlement Agreement shall be enforceable as an Order of this Court.

2. Defendants US Pro Media, LLC, Big Mindz, LLC, and Randall Box used Plaintiff's TWO MEN AND A TRUCK Mark, without Plaintiff's authorization, in their Internet advertising on the Google search engine, as shown in Exhibit B to the Motion, in violation of the Settlement Agreement and the Court's August 15, 2013 Order.

3. Defendants have ceased using the advertisement shown as Exhibit B to the Motion.

4. Defendants have used the domain name 2guysmovers.com and operated a website at that domain, as shown in Exhibit C to the Motion.

5. This Court has jurisdiction to determine the Motion.

6. Plaintiff and Defendants have waived a hearing respecting the Motion and agreed to the relief set forth in this Order.

7. Plaintiff and Defendants further waive a hearing with respect to any future violation of this Court's Orders and agree the Court may determine any future motion for contempt or for other relief under the Settlement Agreement, this Order, or the Court's August 15, 2013 Order, on the basis of written submissions.

8. Plaintiff and Defendants understand the undertakings, obligations, and terms of this Consent Order.

It is therefore ORDERED, ADJUDGED, and DECREED:

1. The Court adopts and incorporates the Settlement Agreement attached as Exhibit A hereto (the "Settlement Agreement") as if it were fully stated herein as an Order of this Court. Defendants shall comply with the terms of the Settlement Agreement.

2. Defendants are permanently enjoined and restrained from using any term in any website or advertising that is prohibited under the Settlement Agreement, the August 15, 2013 Order, or this Order.

3. In addition to the requirements set forth in the Court's August 15, 2013 Order and the Settlement Agreement, with the exception of the use of the domain name menandtruckmovers.com permitted under the August 15, 2013 Order, Defendants are enjoined and restrained from all use, direct and indirect, of any combination or variation of both "two" and "truck" or both "men" and "truck," whether alone or in combination with other terms, as a name, domain name, mark, source or identifying designation, keyword, title tag, or metatdata, in any manner whatsoever, in connection with marketing, selling, or operating moving services or lead generation for moving services. As used in this Order and in the Settlement Agreement, "variation" includes homophones, slightly different spellings or misspellings, and words that have a similar meaning or create a similar impression.

4. Defendants shall transfer the domain name 2guysmovers.com to Plaintiff within three business days of the entry of this Order.

5. Any violation of the August 15, 2013 Order, the Settlement Agreement, or this Order shall constitute contempt.

6. Any future motion for contempt or other relief under the August 15, 2013 Order, the Settlement Agreement, or this Order may be decided on the basis of written submissions, including but not limited to declarations, documentary evidence, and/or deposition testimony, and shall not require a hearing.

7. In the event Defendants, Defendants' Affiliates, or any of them, violates the August 15, 2013 Order, this Order, or the Settlement Agreement in the future, in addition to any other sanctions the Court deems appropriate, within 30 days after the entry of an Order respecting such violation, Defendants and/or Defendants' Affiliates who participate in the violation shall pay Plaintiff $5,000 as partial reimbursement for Plaintiff's attorneys' fees incurred in connection with this motion and shall further pay Plaintiff its reasonable attorneys' fees and costs incurred in connection with addressing such future violation.

8. This Consent Judgment shall be binding upon and inure to the benefit of the parties hereto and their respective parents, subsidiaries, affiliates, predecessors, successors, assigns, licensees, manufacturers and distributors and their officers, directors, shareholders, servants, employees, attorneys, and agents, or any committee or other arrangement of creditors organized with respect to the affairs of any party.

9. This Court shall retain jurisdiction over this matter to enforce this Order.

SO ORDERED this 21st day of August, 2014.

Susan Webber Wright
UNITED STATES DISTRICT JUDGE

**APPROVED FOR ENTRY:**

**BY PLAINTIFF:**

KILPATRICK TOWNSEND & STOCKTON LLP

/s/ Judith A. Powell
Judith A. Powell (*admitted pro hac vice*)
Jessica A. Pratt (*admitted pro hac vice*)
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530
Telephone: 404-815-6500
Facsimile: 404-815-6555
E-mail: jpowell@kilpatricktownsend.com
japratt@kilpatricktownsend.com

and

Gordon S. Rather, Jr. (Arkansas Bar No. 68054)
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
Telephone: 501-371-0808
Facsimile: 501-376-9442
Email: GRather@wlj.com

*Attorneys for Plaintiff*
*Two Men and A Truck/International, Inc.*

**BY DEFENDANTS:**

US PRO MEDIA, LLC d/b/a MEN AND TRUCK MOVERS

By: US Pro Media LLC
Its: President

BIG MINDZ LLC d/b/a MEN AND TRUCK MOVERS

By: Big Mindz LLC
Its: President

RANDALL BOX, individually and d/b/a MEN AND TRUCK MOVERS

Randall Box

5

EXHIBIT A

### SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Agreement") is entered into, effective as of the date of the last dated signature shown below (the "Effective Date"), by and between (1) Two Men And A Truck/International, Inc., a corporation organized and existing under the laws of the State of Michigan with its principal place of business in Lansing, Michigan ("Two Men"); and (2) US Pro Media, LLC, a limited liability company located at 3290 Timberland Drive, Batesville, Arkansas, 72501, Big Mindz LLC, a limited liability company located at 131 Thunderbird Drive 102, Batesville, Arkansas, 72501, and Randall Box, individually and d/b/a Men And Truck Movers, with an address at 3290 Timberland Drive, Batesville, Arkansas, 72501 (collectively "Defendants").

### W I T N E S S E T H:

WHEREAS, Two Men, itself or through its franchisees, has used the TWO MEN AND A TRUCK® mark in connection with moving-related services continuously since at least as early as 1988.

WHEREAS, Two Men owns registrations of the TWO MEN AND A TRUCK® mark on the Principal Register of the United States Patent and Trademark Office ("USPTO"), U.S. Service Mark Registration Nos. 1,953,964; 2,020,083; 2,217,107; 3,006,814; and 3,006,815.

WHEREAS, Two Men has filed a civil action in the United States District Court for the District of Arkansas, Case No. 1:12-cv-00112-SWW (the "Lawsuit") alleging trademark infringement, false advertising, and deceptive trade practices arising out of Defendants' use of the Two Men and A Truck® mark and variations of it, and Defendants' advertising and operation of a website at menandtruckmovers.com under the name "Men and Truck Movers."

WHEREAS, Defendants have denied any wrongdoing and filed a Counterclaim seeking a declaratory judgment in their favor and cancellation of the Two Men and a Truck® registrations; and

WHEREAS, the parties wish to avoid the expense of litigation and to settle their disputes upon the terms and conditions set forth below.

NOW, THEREFORE, for and in consideration of the mutual covenants and agreements contained in this Settlement Agreement, the receipt and sufficiency of which are hereby acknowledged by the parties, the parties agree to the resolution, compromise, and settlement of their disputes, claims, and controversies in accordance with the following terms and conditions.

1

1.   Two Men's Mark: Defendants acknowledge Two Men's exclusive rights in the TWO MEN AND A TRUCK Mark and will not contest Two Men's use or registration of the mark, alone or in combination with other words or designs.

2.   Defendants' Use of Marks:

Except as expressly set forth in this Agreement, from and after the Effective Date, Defendants shall cease and desist from all use, both direct and indirect, of the phrase or mark "Two Men and a Truck" (the "Mark") or any colorable imitation thereof including without limitation: i) variations of the Mark that utilize a numerical "2" instead of the word "Two," such as "2 Men and a Truck;" ii) variations of the Mark that utilize an ampersand instead of the word "and," such as "Two Men & a Truck;" iii) "2 men with a truck"; iv) "2 men in a truck;" v) two men and truck; vi) 2 men and truck; vii) two men truck; viii) 2 men truck; ix) any combination or variation of the three words "two" (or "2"), "men," and "truck;" and x) any combination or variation of both "two" (or "2") and "men," whether alone or in combination with other terms, in any manner whatsoever, in connection with marketing, selling, or operating moving services or lead generation for moving services, including, without limitation, in any domain names, business names, or any print and Internet advertising or promotion, including keyword ads, HTML metadata that is visible to Internet users (including in title tags), telephone directories, Internet directories, emails, and mass mailers, or in any business forms. Notwithstanding the foregoing, Defendants may continue to use the domain name menandtruckmovers.com, and Defendants may bid on terms that include the Mark or variations noted above to trigger keyword advertising for websites that do not include in the website name or domain name two of the following three terms: "two" (or homophones thereof), "men," "truck". Without limiting the generality of the foregoing prohibitions, Defendants shall by August 1, 2013:

a)   remove from their moving service lead generation website at menandtruckmovers.com and all marketing materials all references to "two men and a truck" and "two men and a truck type moving services";

b)   cease all bidding on "Two Men and A Truck" and the terms described above in paragraph 2 i) through x) to trigger keyword advertising for the menandtruckmovers.com website or for other websites that offer services related to moving or lead generation for moving companies and that include in the website name or domain name a combination or variation of at least two of the following three terms: "two" (or homophones thereof), "men," "truck."; and

c)   implement and maintain such procedures as are reasonably necessary to ensure that ads for their lead generation site at menandtruckmovers.com or for other websites that offer services related to moving or lead generation for moving companies and that include in the website name or domain name a combination or variation of at least two of the following

2

three terms: "two," "men," "truck" are not displayed to consumers who conduct online searches on search engine platforms for the Mark or the terms identified in ¶ 2 i) through viii) above, including implementing negative match with respect to those terms with all Internet search engines from which they purchase keyword advertising.

3. Marketing Statements: From and after the Effective Date, Defendants agree that they shall not imply or represent to consumers that their lead generation business is a moving company, or owns or operates moving trucks. Without limiting the generality of the foregoing, Defendants shall remove from their menandtruckmovers.com website and any other marketing materials used to promote their lead generation business all statements describing their lead generation business as "providing moving and relocation services for your local or long distance move" or as a "network of movers." Defendants may describe their lead generation business as "providing access to movers," "providing referrals to movers," "providing access to a network of movers," or the like.

4. The Lawsuit: Within ten (10) days after the Effective Date, the parties shall execute and file in the Lawsuit the Final Order and Judgment and Permanent Injunction on Consent attached as Exhibit 1 hereto.

5. Releases:

a) Except for obligations undertaken by Defendants in this Agreement, Two Men on behalf of itself and its agents, heirs, sureties, successors, assigns, attorneys, and any other person, corporation, subsidiary, affiliate, association, limited liability company, or partnership acting through or under Two Men (collectively the "Two Men Releasors"), hereby release and forever discharge Defendants and their agents, employees, sureties, predecessors, successors, assigns, attorneys, and any other person, corporation, subsidiary, affiliate, association, limited liability company, or partnership acting through or under Defendants (collectively the "Defendants Releasees"), of and from any and all manner of action, causes of action, debts, liabilities, claims, and demands of every kind and nature whatsoever, known or unknown, accrued or unaccrued, based on facts that occurred prior to the Effective Date. Except as otherwise indicated above, this release is a full and final release of all claims, and shall apply to all known, unknown, anticipated, and unanticipated injuries or damages as of the Effective Date. Two Men shall bear its own attorneys' fees and costs.

b) Except for obligations undertaken by Two Men in this Agreement, Defendants on behalf of themselves and their agents, heirs, sureties, successors, assigns, attorneys, and any other person, corporation, subsidiary, affiliate, association, limited liability company, or partnership acting through or under Defendants (collectively the "Defendants Releasors"), hereby release and forever discharge Two Men and its agents, employees, sureties, predecessors, successors, assigns, attorneys, and any other person, corporation, subsidiary, affiliate, association, limited liability company, or partnership acting through or under Two

Men (collectively the "Two Men Releasees"), of and from any and all manner of action, causes of action, debts, liabilities, claims, and demands of every kind and nature whatsoever, known or unknown, accrued or unaccrued, based on facts that occurred prior to the Effective Date. Except as otherwise indicated above, this release is a full and final release of all claims, and shall apply to all known, unknown, anticipated, and unanticipated injuries or damages as of the Effective Date. Defendants shall bear their own attorneys' fees and costs.

6.   Binding Effect: This Agreement shall be binding upon, and shall inure to the benefit of, Two Men and its officers, affiliates, successors, and assigns. This Agreement shall also be binding upon, and shall inure to the benefit of (i) Defendants; (ii) employees, independent contractors, agents, or any other persons over which Defendants exercise control, or which are acting in concert with Defendants; and (iii) all corporations, limited liability companies, partnerships, unincorporated associations, or businesses for which Defendants act or will act as an officer, in which Defendants have or will have an ownership interest, and/or over which Defendants exercise or will exercise control.

7.   Representations:

   a) Each Party acknowledges that he or it has knowingly and voluntarily entered into this Agreement. Each Party represents that he or it has independently reviewed this Agreement with his or its counsel or have ample opportunity to consult with counsel and that he or it understands the undertakings, obligations, and terms contained in these documents; and

   b) Each Party represents that the person whose signature appears below on its behalf is fully authorized to bind that Party.

8.   Effectuation of Obligations: The Parties agree to execute, deliver, and/or file any other documents reasonably necessary to fulfill the terms and obligations of this Agreement.

9.   Notices: Every notice required or permitted by this Agreement shall be in writing and shall be sent by overnight mail with a nationally recognized overnight mail courier, which shall be deemed given one business day after delivery to the courier.

   If to Two Men:           Randy Shacka, President
                            Two Men and A Truck/International, Inc.
                            3400 Belle Chase Way
                            Lansing, Michigan 48911

   If to Defendants:        Randall Box
                            3290 Timberland Drive
                            Batesville, Arkansas, 72501

4

Either Party may at any time give the other Party written notice of any change to a new address or a new contact, to which all notices thereafter shall be sent.

10. Remedies for Breach: If an action is commenced between the parties in connection with the enforcement of any provision of this Agreement, in addition to any other remedies to which a party may be entitled, the prevailing party will be entitled to recover from the other party its reasonable costs and expenses, including attorneys' fees.

11. No Waiver: The failure of either Party to insist upon strict performance of any term or to exercise any right shall not be construed as a waiver or a relinquishment for the future of such term or right, which shall continue in full force and effect.

12. Severability: If any provision of this Agreement is held to be invalid, void or unenforceable, all other provisions of this Agreement will nevertheless remain in full force and effect.

13. No Drafting Presumptions: The language in all parts of this Agreement shall be in all cases construed as a whole according to its meaning and not strictly for or against any party. In addition, the parties have cooperated in the drafting and preparation of this Agreement and therefore agree that any law, legal decision or rule of construction of contracts resolving ambiguities against the drafting party shall be inapplicable to this Agreement.

14. Entire Agreement: This Agreement contains the entire agreement between the Parties with respect to the subject matter hereof, and supersedes all prior negotiations or agreements between the Parties. It shall be deemed a fully integrated agreement. No modification, amendment, or waiver of any provision of this Agreement shall be effective unless in writing, specifically identifying the Agreement and signed by all Parties hereto.

15. Counterparts: This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date shown below.

TWO MEN AND A TRUCK/
INTERNATIONAL INC.

By: _____
Its: _____C.E.O_____
Date: _____7-24-13_____

US PRO MEDIA, LLC

By: _____
Its: _____President_____
Date: _____7-30-2013_____

BIG MINDZ, LLC

By: _[signature]_
Its: President
Date: 7-30-2013

RANDALL BOX

_[signature]_
Date: 7-30-2013